IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JUAN MORALES                                                                PETITIONER

V.                                              NO. 1:20-CV-55-DMB-DAS

JESSIE WILLIAMS                                          RESPONDENT

**ORDER**

Before the Court is Juan Morales' petition for a writ of habeas corpus under 28 U.S.C. § 2254. Doc. #1.

**I**
**Procedural History**

On February 7, 2007, Juan Morales was tried in absentia in the Circuit Court of Lee County, Mississippi, after a finding that he "willfully, voluntarily, and deliberately avoided trial." Doc. #9-1 at PageID 81, 83. When the trial concluded two days later, Morales was sentenced to a total of forty years imprisonment for the crimes of sexual battery and fondling.[1] *Id.* at PageID 81. Approximately five years later, the United States Marshals Service found Morales in Mexico and returned him to the United States to be placed in custody of the Mississippi Department of Corrections. *Id.* at PageID 82. Morales did not appeal his convictions or sentences but filed a petition for post-conviction relief in the Lee County Circuit Court on September 11, 2017. Doc. #9-6 at PageID 203, 212.

On or about March 25, 2020, Morales filed a petition for a writ of habeas corpus in the United States District Court for the Northern District of Mississippi regarding his convictions for

---

[1] The Lee County Circuit Court later amended the sentencing order to correct a clerical error. *See* Doc. #9-1 at PageID 88–89.

sexual battery and fondling. Doc. #1. On June 12, 2020, Jessie Williams[2] filed a motion to dismiss the petition as untimely or, alternatively, as procedurally barred from federal habeas review. Doc. #8. Morales filed an "objection" to the motion to dismiss. Doc. #10. Williams replied in support of his motion to dismiss. Doc. #11. Morales filed a traverse, Doc. #12, and Williams again replied in support of the motion, Doc. #13.

## II
## Analysis

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provides, in pertinent part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) & (2).

---

[2] The motion states that Morales "is lawfully in the custody of Jessie Williams, Warden of the Marshall County Correctional Facility in Holly Springs, Mississippi, after being convicted of sexual battery and fondling in the Circuit Court of Lee County, Mississippi on February 9, 2007." Doc. #8 at 2.

### A. Timeliness

28 U.S.C. § 2244(d)(1)(A) imposes a one-year deadline for filing federal habeas petitions from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Where a petition is filed outside the one-year limitations period, the "application must be dismissed as untimely, unless the one-year … period was interrupted as set forth in 28 U.S.C. § 2244(d)(2)," *Zapata v. Cain*, 614 F.Supp.2d 714, 717 (E.D. La. 2007); or "rare and exceptional circumstances" justify equitable tolling of the limitations period, *Felder v. Johnson*, 204 F.3d 168, 170–171 (5th Cir. 2000). Under 28 U.S.C. § 2244(d)(2), the federal limitations period is tolled while a properly filed application for State post-conviction or other collateral review is pending.

Under Mississippi Rule of Appellate Procedure 4(a), a defendant has thirty days after the date of entry of the criminal judgment or order appealed from to file a notice of appeal. Since Morales did not appeal his convictions and sentences, they became final on March 12, 2007, thirty days[3] after his February 9, 2007, conviction. Thus, Morales' federal habeas petition challenging his 2007 convictions and sentences was due on March 12, 2008, one year after his convictions and sentences were final. *See* 28. U.S.C. § 2244(d). And because Morales did not file his motion for post-conviction relief in state court until September 11, 2017,[4] statutory tolling does not apply. *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013) ("Because his state habeas petition was not filed within the one-year period, it did not statutorily toll the limitation clock.").

A petitioner is entitled to equitable tolling of the statutory limitations period found in §

---

[3] Thirty days after his conviction would actually be March 11, 2007. However, because March 11, 2007, was a Sunday, Morales' notice of appeal would have been due on Monday, March 12, 2007. Thus, the Court has calculated his conviction to be "final" as of that date.

[4] *See* Doc. #9-6 at PageID 203–12.

2244(d) "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). A petitioner's delay of even four months has been found to show that he has not diligently pursued his rights. *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001).

Morales argues that while he is "unschooled in law and handcuffed by his lack of the English words[, he] did his best to get his transcripts and to understand the rules of [the] court," and that the lack of access to his legal files represents an extraordinary circumstance which caused his late filing. Doc. #10 at 2–3. He concedes, however, that "[w]hile this does not give rise to an exception under AEDPA or 2244, the bare allegations of innocence and ineffective counsel should." *Id.* at 3.

Although the lack of access to legal files can support equitable tolling in some circumstances,[5] Morales did not request access to his files until September 11, 2017, more than a decade after his convictions and sentences became final and nine years after his federal habeas petition was due. *See* Doc. #9-6 at PageID 202, 217–20. Morales' actions cannot be considered a diligent pursual of his rights. *See Melancon*, 259 F.3d at 408.

To the extent Morales contends he is "unschooled in the law," such assertion does not excuse the untimely filing of his petition. *See United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008) ("[T]he lack of legal training, ignorance of the law, and unfamiliarity with the legal process are insufficient reasons to equitably toll the AEDPA statute of limitations."). Further, a substantial portion of the delay arose because Morales absconded to Mexico to evade prosecution.[6] *See Sutton*

---

[5] *See Lott v. Mueller*, 304 F.3d 918, 924–25 (9th Cir. 2002) (lack of access to legal file can support a claim of equitable tolling when the federal petition is late by a small period of time)

[6] *See* Doc. #9-1 at PageID 81–82.

*v. Cain*, 722 F.3d 312, 316 (5th Cir. 2013) ("A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify."). Accordingly, Morales has not been diligent in pursuing his rights and has not shown that exceptional circumstances prevented timely filing. For these reasons, Morales' petition for a writ of habeas corpus was untimely filed under 28 U.S.C. § 2244(d).

### B. Procedural Bar

A federal court may not entertain a state prisoner's habeas claims "when (1) a state court has declined to address those claims because the prisoner had failed to meet a state procedural requirement, and (2) the state judgment rests on independent and adequate state procedural grounds." *Maples v. Thomas*, 565 U.S. 266, 280 (2012) (cleaned up). "To be adequate, the state procedural rule must be firmly established at the time it was applied, such that it is strictly or regularly followed … and applied evenhandedly to the vast majority of similar claims." *Fratta v. Davis*, 889 F.3d 225, 228 (5th Cir. 2018) (cleaned up).

The Mississippi Court of Appeals found that the claims raised in Morales' motion for post-conviction relief were time-barred pursuant to Miss. Code Ann. § 99-39-5(2)[7] and did not meet any of the exceptions to the bar. Doc. #9-1 at PageID 90. The three-year time bar in § 99-39-5(2) is a state law ground that is independent of the federal question and is adequate to support the judgment of the Mississippi Court of Appeals. *See Moore v. Roberts*, 83 F.3d 699, 701–02 (5th Cir. 1996); *Wiley v. Epps*, 668 F. Supp. 2d 848, 873–74 (N.D. Miss. 2009). Morales relies on *Chinn v. State of Mississippi*, 958 So.2d 1223 (Miss. 2007) and *Birkhead v. State of Mississippi*, 255 So.3d 154 (Miss. 2017) for the assertion that § 99-39-5 "has not been consistently applied

---

[7] Under Miss. Code Ann. § 99-39-5(2), a motion for relief must be made "within (3) three years after the time for taking an appeal from the judgment of conviction or sentence has expired" if no appeal is taken.

under fundamental rights" and "is ambiguous on its face." Doc. #10 at 4. However, even if the rule was applied inconsistently in these cases,[8] a state court's disregard of a rule on "relatively few occasions" is "not sufficient to undercut the overall regularity and consistency" of its application. *Amos v. Scott*, 61 F.3d 333, 345 (5th Cir. 1995); *see Fratta*, 889 F.3d at 231 ("Though [the petitioner] points to a handful of cases over the last thirty years that raise claims similar or identical to his, those few exceptions … do not render the rule inadequate.") (cleaned up).

A petitioner can overcome a procedural bar if he demonstrates cause "to excuse his failure to comply with the state procedural rule" and "actual prejudice resulting from the alleged constitutional violation." *Davila v. Davis*, 137 S. Ct. 2058, 2064–65 (2017). To show cause, a petitioner must prove than an external impediment (one that could not be attributed to him) existed to prevent him from raising and discussing the claims as grounds for relief in state court. *See id.* at 2065. To establish prejudice, a petitioner must show that, but for the alleged error, the outcome of the proceeding would have been different. *Pickney v. Cain*, 337 F.3d 542, 545 (5th Cir. 2003).

Morales has not shown cause for the tardiness of his state application for post-conviction collateral relief, such that he has not shown that something external to him—outside of his control—prevented him from seeking post-conviction relief in a timely fashion. Nor has he established that he would suffer prejudice from application of the bar, because he has not shown that, but for his trial being held in absentia,[9] the outcome would have been different. For these reasons, the Court may not address Morales' claims because they are procedurally barred.

### C. Actual Innocence

The United State Supreme Court has held that "actual innocence, if proved, serves as a

---

[8] Of note, *Chinn* makes no mention of § 99-39-5.

[9] Although Morales asserts four separate grounds in his petition, each ground relates to him not being present for the trial and it being held in absentia. *See* Doc. #1.

gateway through which a petitioner may pass whether the impediment is a procedural bar … or … expiration of the [AEDPA] statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). To state a valid claim of actual innocence, a petitioner bears the burden of persuasion to show that, "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* Morales, however, offers only bare assertions that "[t]here is testimony within the record that would … cast reasonable doubt as to the outcome of the trial," and that "[t]he miscarriage of justice will result due to the tainted testimony of the witness [and] medical reports that would prove [he] is innocent." Doc. #1 at 13; Doc. #12 at 4. Such allegations do not provide any new evidence and thus are insufficient to state a valid claim of actual innocence. *See Hancock v. Davis*, 906 F.3d 387, 388 (5th Cir. 2018) ("Because [petitioner] has not presented new evidence of actual innocence …, he has not made the showing necessary for this court to consider his claims despite the expired limitations period.").

### III
### Certificate of Appealability

Rule 11 of the Rules Governing § 2254 Cases in the United States District Court requires a court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability ("COA") will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To obtain a COA on a claim rejected on procedural grounds, a movant must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Based on the *Slack* criteria, the Court finds that a COA should not issue in this case.

## IV
## Conclusion

The motion to dismiss [8] is **GRANTED**. Morales' petition for writ of habeas corpus [1] is **DISMISSED with prejudice**. A certificate of appealability is **DENIED**. A final judgment will issue separately.

**SO ORDERED**, this 19th day of March, 2021.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**